IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON R. COMPISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00489-JD |
| ) | |
| DAVID B. HOOTEN, individually and ) | |
| in his official capacity as Oklahoma ) | |
| County Clerk, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is a Motion to Dismiss ("Motion") filed by David Hooten in his official capacity. [Doc. No. 17]. It seeks dismissal of Sharon Compise's ("Compise") Amended Complaint [Doc. No. 12] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Compise filed a response [Doc. No. 18], and Hooten filed a reply [Doc. No. 19]. For the following reasons, the Court grants the Motion.

**I.    BACKGROUND**

During the events in question, Hooten was the elected clerk for the Oklahoma County Clerk's Office. Compise was a deputy clerk at the Oklahoma County Clerk's Office and worked under Hooten's supervision. In 2017, Hooten began trying to build a more personal relationship with Compise. For example, he started asking if he could accompany her during her lunch break. Compise agreed but later grew uncomfortable with his company. Hooten asked her to download an app on her phone that would let him keep track of where she was. Compise downloaded the app when Hooten was watching

but then deleted it when he was not around. Hooten watched Compise via cameras in the office and would then "appear" wherever Compise was going. [Doc. No. 12 at 2].[1] He complimented Compise on her physical appearance and clothes several times each week, which made Compise uncomfortable. She did not observe him engaging in similar conduct with any male employees.

At some point before early 2020, Compise learned that Hooten had assisted a female employee in purchasing a vehicle. He then sexually propositioned that employee on the way from the car dealership to the office.

Hooten temporarily stopped "tracking [Compise] and making comments on her appearance" while she and the other employees worked from home due to the COVID-19 pandemic. [*Id.* at 3]. When Compise returned to in-person work at the office, "it appeared that [Hooten] was having an inappropriate relationship with another female employee." [*Id.*]. At one point, Compise "walked in on a situation that seemed to be an inappropriately personal relationship between Hooten and the other employee." [*Id.* at 3–4].

On April 26, 2022, Hooten issued a "mandatory directive" to Compise and two other female employees that they were all going on a "'team building' exercise" the next day. [*Id.* at 4]. Hooten explained there would be drinking and gambling and that the women "might have to sign a waiver for their activities." [*Id.*]. He did not disclose the precise location of this exercise but said "the females would not be allowed to drive

---

[1] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

themselves." [*Id.*]. He stated "he had been genetically altered so that he would not get drunk." [*Id.*] Compise feared Hooten intended to sexually assault her and the other two women, so she reported his misconduct.

Compise filed this suit against Hooten in his official and individual capacity.[2] She claims Hooten violated her "Fourteenth Amendment right to be free of gender discrimination and sexual harassment" under 42 U.S.C. § 1983. [*Id.* at 1].

## II.  LEGAL STANDARD

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)). The Court must "view the allegations and all reasonable inferences in favor of the plaintiffs." *Hubbard v. Okla. ex rel. Okla. Dep't of Hum. Servs.*, 759 F. App'x 693, 696 (10th Cir. 2018) (unpublished).

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] Initially, Compise also sued the Board of County Commissioners of Oklahoma County, but it was later dismissed from the case. [Doc. Nos. 11, 12].

3

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678, 679.

### III.  ANALYSIS

At the outset, the Court notes that to the extent Compise intended to bring a gender discrimination claim against Hooten in his official capacity, it has been abandoned. Since the Amended Complaint states Hooten violated Compise's "Fourteenth Amendment right to be free of gender discrimination *and* sexual harassment," the Motion seeks to dismiss both of these claims. [Doc. No. 12 at 1] (emphasis added). It analyzes the gender discrimination and sexual harassment claims separately (under different headings) and dedicates approximately four pages of varying analysis to each claim. [Doc. No. 17]. However, Compise only responded to Hooten's arguments regarding sexual harassment via a hostile work environment. [Doc. No. 18]. She provided the Court with no arguments regarding her claim for gender discrimination. It seems Compise may not have intended to bring two separate claims. Regardless, to the extent she did, her gender discrimination claim against Hooten in his official capacity is abandoned. *See United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) ("Waiver comes in two flavors—invited error and abandonment. . . . [Abandonment] 'occurs when a party deliberately considers an issue and makes an intentional decision to forgo it.'" (quoting *United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019))); *see also Stender v. Archstone-Smith Operating Tr.*, 910 F.3d 1107, 1117 (10th Cir. 2018) ("A party's offhand reference to an issue in a

4

footnote, without citation to legal authority or reasoned argument, is insufficient to present the issue for [the court's] consideration." (quoting *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016))).

Regarding Compise's sexual harassment claim, Hooten argues that the Amended Complaint does not plausibly allege that he violated her constitutional rights. He says that "[t]o establish an equal protection claim based on sexual harassment, Compise must demonstrate that Hooten's conduct was based on her sex and was sufficiently severe or pervasive as to interfere unreasonably with her work performance and created a hostile or abusive work environment," and that his alleged conduct does not satisfy this standard. [Doc. No. 17 at 19]. Compise agrees that the severe or pervasive standard applies but argues Hooten's actions meet it because "a reasonable woman" would understand he was "setting her up for a sexual assault." [Doc. No. 18 at 7].[3]

---

[3] The standard district courts are to use for evaluating sexual harassment claims brought under the Equal Protection Clause against municipalities is not entirely clear. This is partially because the Tenth Circuit "ha[s] only discussed Fourteenth Amendment equal protection claims involving sexual harassment a handful of times." *Shepherd v. Robbins*, 55 F.4th 810, 818 (10th Cir. 2022). Some cases appear to just consider the defendant's conduct and then determine whether it deprived plaintiff of her right to equal protection of the laws. *See Starrett v. Wadley*, 876 F.2d 808, 815 (10th Cir. 1989). Other cases, such as *Doe v. Hutchinson*, apply the severe or pervasive standard that is also used in Title VII cases. 728 F. App'x 829, 832 (10th Cir. 2018) (unpublished) (citing *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1157 (10th Cir. 2006)).

Here, neither party disputes that the severe or pervasive standard applies, and they both argue that their positions succeed under this standard. Therefore, the Court assumes this is the correct standard and analyzes their arguments accordingly. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (explaining that in our adversarial system of adjudication, courts "follow the principle of party presentation" and rely on counsel to advance the arguments entitling them to relief; courts "do not, or should not, sally forth each day looking for wrongs to right . . . . [they] decide only questions presented by the parties").

5

"It is well established in this circuit that sexual harassment by a state actor can constitute a violation of the equal protection clause." *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1249 (10th Cir. 1999). "One form of actionable sexual harassment is 'hostile environment harassment.'" *Hutchinson*, 728 F. App'x at 832 (quoting *Escue*, 450 F.3d at 1157). "To prevail on such a claim, a plaintiff must show that the defendant's 'conduct was sufficiently severe or pervasive . . . .'" *Id.* (quoting *Escue*, 450 F.3d at 1157).

When analyzing the "severe or pervasive" standard, courts "must look to a 'totality of the circumstances,' and 'consider[ ] such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (quotations omitted) (alteration in original) (quoting *Chavez v. New Mexico*, 397 F.3d 826, 832–33 (10th Cir. 2005)). "The severe or pervasive inquiry 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.'" *Hutchinson*, 728 F. App'x at 832 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

First, analyzing whether Hooten's conduct was severe, the Court cannot determine whether Hooten's comments about Compise's appearance were threatening or humiliating because she does not provide them in her Amended Complaint. Compise's allegations about Hooten's inappropriate relationship with another female employee are similarly vague. The Court is not given specifics about this relationship, only that it was

6

"commonly known" and Compise "walked in on a situation that seemed to be an inappropriately personal relationship between Hooten and the other employee." [Doc. No. 12 at 3–4]. Without more details, the Court cannot determine the severity of these allegations.

Hooten's desire to follow Compise around and track her movements is troubling; as is the fact he sexually propositioned another female employee. And the most concerning conduct is what is described as occurring on April 22 when Hooten told Compise and two other female employees that he was taking them for a team building exercise where they would be drinking and gambling. This all gets closer to reaching the "severe" standard but, in light of the Tenth Circuit jurisprudence, still does not reach it as alleged. Even conduct that is "unquestionably juvenile, unprofessional, and perhaps independently tortious" cannot alone be deemed severe. *Morris*, 666 F.3d at 668.

A defendant's conduct has been deemed sufficiently severe where he "expos[ed] himself" three different times to three different women, *Macias v. Southwest Cheese Co.*, 624 F. App'x 628, 635–36 (10th Cir. 2015) (unpublished); "forcibly kissed" a woman on two separate occasions, *Rogers v. City County Health Department of Oklahoma County*, 30 F. App'x 883, 885–86 (10th Cir. 2002) (unpublished); or sexually propositioned a woman, "massag[ed] his genitals" while staring at her lewdly, "rubbed the front side of his body against her backside," and called her a "fucking bitch," *Chavez v. New Mexico*, 397 F.3d 826, 836 (10th Cir. 2005).

To contrast, in *Penry v. Federal Home Loan Bank of Topeka* where the defendant "gave hotel clerks the impression that he and [a woman] were to share a room" on work

trips, asked a woman "if women have wet dreams," took women to Hooters for lunch, said he "kind of liked" to see a woman's bra strap, constantly followed a woman when she went to the breakroom or bathroom, and "needlessly touched [women] on many occasions," his conduct was not severe enough to warrant liability for sexual harassment. 155 F.3d 1257, 1260–61 (10th Cir. 1998).

Therefore, as currently alleged, Compise has failed to plead that Hooten's conduct was sufficiently severe to warrant liability.

Regarding whether Hooten's conduct was pervasive, "isolated incidents of harassment, while inappropriate and boorish, do not constitute pervasive conduct." *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1414 (10th Cir. 1997). Here, Hooten's conduct was spread out over the course of five years—from 2017 to 2022. And the Amended Complaint only includes several specific instances of his behavior. The Tenth Circuit has "conclude[ed] that 'five separate incidents of allegedly sexually-oriented, offensive comments either directed to [the plaintiff] or made in her presence in a sixteen month period' were not sufficiently pervasive to support a hostile work environment claim." *Morris v. City of Colo. Springs*, 666 F.3d 654, 666 (10th Cir. 2012) (quoting *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1365 (10th Cir. 1997)). Given the span of time over which these incidents took place and the Amended Complaint's lack of specificity, Compise has not adequately alleged that Hooten's conduct was sufficiently pervasive.

Accordingly, because Compise does not plausibly allege that Hooten's conduct was sufficiently severe or pervasive, the Court concludes she has failed to state a claim

8

for sexual harassment under the Equal Protection Clause against Hooten in his official capacity. Since Compise has failed to plausibly allege an underlying constitutional violation, the Court does not analyze whether Oklahoma County can be held liable via municipal liability.[4]

## IV. CONCLUSION

For these reasons, the Court GRANTS Hooten's Motion [Doc. No. 17] and DISMISSES Compise's Amended Complaint against him, in his official capacity, WITHOUT PREJUDICE. In light of the Court's ruling, the Court DENIES AS MOOT Compise's Alternative Motion to Allow Discovery to Proceed or Motion to Sever the Actions Against Defendant Oklahoma County and Defendant Hooten [Doc. No. 20]. As Hooten has answered Compise's claims against him in his individual capacity, *see* [Doc. No. 16], the Court will place this case on a status and scheduling docket by separate order so that a scheduling order may be entered following receipt of the joint status report and discovery plan to govern deadlines in this action.

IT IS SO ORDERED this 19th day of August 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] The parties do not address deliberate indifference in their municipal liability analysis. *See, e.g.*, *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 771 (10th Cir. 2013).